# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLOMON WINDOM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>B. CATES, et al.,<br><br>　　　　Defendants. | Case No.: 1:20-cv-01316-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER, FAILURE TO PROSECUTE, AND FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 12) |

Plaintiff Solomon Windom is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on September 15, 2020. On October 2, 2020, the Court screened Plaintiff's complaint, found no cognizable claims, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 11.) Plaintiff failed to file an amended complaint or otherwise respond to the Court's order. Therefore, on November 10, 2020, the Court ordered Plaintiff to show cause why the action should not be dismissed for failure to comply with a court order, failure to prosecute, and failure to state a cognizable claim for relief. (ECF No. 12.) Plaintiff has not responded to the Court's November 10, 2020 order and the time to do so has now passed. Accordingly, dismissal of the action is warranted.

## I.

## SCREENING REQUIREMENT

1  The Court is required to screen complaints brought by prisoners seeking relief against a
2  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
3  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
4  "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[]
5  monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

6  A complaint must contain "a short and plain statement of the claim showing that the pleader is
7  entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
8  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
9  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,
10 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally
11 participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.
12 2002).

13 Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally
14 construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121
15 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible,
16 which requires sufficient factual detail to allow the Court to reasonably infer that each named
17 defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service,
18 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not
19 sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying
20 the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

On October 28, 2019, Plaintiff returned to the California Correctional Institution ("CCI") after spending time in the infirmary for two blood clots. Upon his arrival at CCI, Plaintiff was placed in orientation. After going to committee, Plaintiff was rehoused in (4A-6b-107) an ADA cell that had "very low pressure." Plaintiff could not receive water from this cell due to the pressure issue which caused lieutenant K. Bell to place a work order which fixed the issue that day. However, Plaintiff had already been housed in the cell for one month after complaining about it to the building floor officers.

1  Plaintiff was then moved to a different cell (4A-6b-104) that only had hot water that ran nonstop.
2  Plaintiff complained to the floor staff about the issue, and was told that a work order had been put in.
3  In the meantime, Plaintiff was allowed out of his cell to fill up a bucket and water jugs with shower
4  water.  Officer A. Gonzalez, the building officer stated to sergeant J. Ayon that Plaintiff's cell issue
5  had been solved by moving him.  However, Plaintiff was housed in cell (4A-6b-104) for an
6  unreasonable amount of time, and was forced to live in these conditions for approximately sixty-seven
7  (67) days.  Sergeant J. Ayon spoke with facility A office assistance T. Parrilla who checked the work
8  order logbook and found that no work order request had been submitted regarding the issue of running
9  water in Plaintiff's cell.  Plaintiff has a serious medical condition called Venous Thromboembolism
10 (VTE) dealing with blood clots.  It is important that Plaintiff exercise on a regular basis to keep his
11 blood circulating to prevent further blood clots.  Therefore, "water" is very important, and it was not
12 afforded to Plaintiff for two months.  Plaintiff was forced by Defendant officer A. Gonzalez to drink
13 shower water until he was moved or requested to be moved.  Warden Cates knew of the issues and did
14 nothing.

## III.

## DISCUSSION

### A.     Conditions of Confinement

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials therefore have a "duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). A prisoner claiming an Eighth Amendment violation must show (1) that the deprivation he suffered was "objectively, sufficiently serious;" and (2) that prison officials were deliberately

1  indifferent to his safety in allowing the deprivation to take place. Morgan, 465 F.3d at 1045, quoting
2  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson, 503 U.S. at 9. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731.

The more basic the need, the shorter the time it can be withheld. See Johnson, 217 F.3d at 731. Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. Id. 732–733. See, e.g., Hearns v. Terhune, 413 F.3d 1036, 1042–43 (9th Cir. 2005) (holding that plaintiff's allegation that he was confined in administrative segregation for nine months, during which time he was deprived of clean running water, was sufficient to make out a conditions of confinement claim); see Preayer v. Ryan, No. CV 15-00069-PHX-DGC (DKD); 2016 WL 5341177 (D. Ariz. 2016) (lack of running water for two months sufficient to satisfy the objective component of the deliberate indifferent analysis).

Plaintiff asserts that A. Gonzalez deprived him of drinking water, but he does not set forth sufficient factual allegations regarding this contention. First, it is not clear to what extent, if any, Plaintiff was deprived of clean drinking water. Plaintiff alleges that the first ADA cell had low running water, and he was forced to drink water from the shower. However, it is unclear how much water was available or whether the shower water was unsafe to drink. Further, although the water pressure may have been low in the ADA cell, Plaintiff makes no allegation that he requested and was denied drinking water from another source.

In addition, despite Plaintiff's contention that officer A. Gonzalez forced him to drink shower water, he fails to set forth sufficient allegations to demonstrate he advised officer Gonzalez of the problem or that he had the authority to order services or had the authority to move Plaintiff to another cell. Rather, Plaintiff contends that A. Gonzalez told sergeant J. Ayon that his cell issue was solved

4

because Plaintiff was moved.  Plaintiff must name a defendant, or defendants, who had the power to remedy the situation, someone with authority to do more than merely notify others in charge about the situation, for instance, someone with actual authority to move Plaintiff to another cell. Plaintiff must also explain *when and how* he advised the person(s) in authority about the situation.

Moreover, Plaintiff's complaint does not set for any specific type of harm Plaintiff allegedly suffered due to the lack of drinking water  how it affected his health.  Plaintiff contends only that his medical condition requires him to exercise on a regular basis and "water" is very important.  While Plaintiff may be able to state a cognizable claim based on the lack of clean drinking water, his present allegations are insufficient facts to demonstrate that the conditions he is complaining of are grave enough to form the basis of an Eighth Amendment claim.  Accordingly, based on the allegations in the complaint, Plaintiff fails to state a cognizable claim under the Eighth Amendment.

**B.     Supervisory Liability**

Plaintiff contends that Warden B. Cates knew about the issues and did nothing.  However, in order to proceed against an individual who is a supervisor, Plaintiff must demonstrate that he/she personally participated in any underlying alleged violations of Plaintiff's constitutional rights.  That is, Plaintiff must allege facts plausibly showing their "personal involvement in the constitutional deprivation" or "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).   Plaintiff has not done so here.  Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory liability claim against Warden B. Cates.  Simply stating that Warden Cates had knowledge of the issues without any factual support to support such contention is insufficient.  Thus, the only basis for such a claim would be respondeat superior, which is precluded under section 1983.  Accordingly, Plaintiff fails to state a cognizable claim against Warden B. Cates.

**III.**

**FAILURE  TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**

Here, the Court screened Plaintiff's complaint, and on October 2, 2020, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed

to be corrected, and granting him leave to file an amended complaint within thirty days.  (ECF No. 11.)  Plaintiff did not file a third amended complaint or otherwise respond to the Court's October 2, 2020 order.  Therefore, on November 10, 2020, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed.  (ECF No. 12.)  Plaintiff failed to respond to the November 10, 2020 order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' "  Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226.  Plaintiff was ordered to file an amended complaint and within

thirty days of October 2, 2020 and has not done so.  Accordingly, the operative pleading is the September 15, 2020 original complaint which has been found not to state a cognizable claim.  Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition.  This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading.  Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The Court's October 2, 2020 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order."  (ECF No. 11.)  In addition, the Court's November 10, 2020, order to show cause specifically stated: "Plaintiff is warned that failure to comply with this order will result in a recommendation to a district judge that the instant action be dismissed for failure to prosecute, failure to obey a court order, and failure to state a cognizable claim for relief."  (ECF No. 12.)  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

**IV.**

**CONCLUSION AND RECOMMENDATION**

The Court has screened Plaintiff's complaint and found that it fails to state a cognizable claim.

Plaintiff has failed to comply with the Court's order to file an amended complaint or respond to the Court's order to show why the action should not be dismissed.  In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to state a cognizable claim, failure to obey the October 2, 2020 and November 10, 2020 orders, and failure to prosecute this action.

Accordingly, it is HEREBY ORDERED that the Clerk of Court is directed to randomly assign a Fresno District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to state a claim, failure to comply with a court order, and failure to prosecute.

This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen **(14) days** of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's Findings and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 4, 2020**

UNITED STATES MAGISTRATE JUDGE